IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS WIERTELLA AS ADMINISTRATOR OF THE ESTATE OF RANDY WIERTELLA, DECEASED, AND FATHER OF RANDY WIERTELLA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:20-cv-02739 JUDGE PAMELA A. BARKER **FIRST AMENDED COMPLAINT** **JURY TRIAL DEMANDED** |
| Plaintiff, | | |
| v. | | |
| **LAKE COUNTY, OH, et al.,** | | |
| Defendants. | | |

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff files this First Amended Complaint and states as follows:

**NATURE OF THE ACTION**

1. Randy Wiertella, a 44-year old man, was in the care, custody, and control of the Lake County Adult Detention Facility in December 2018. Detention Facility personnel acted negligently, willfully, wantonly, maliciously and with reckless and callous disregard for and deliberate indifference to the safety and serious medical needs of Randy Wiertella, leading to Mr. Wiertella's untimely and wrongful death. Defendant Lake County adopted, implemented and/or had in place policies, customs, and practices, written and unwritten, that violated and/or were applied in such a way that they violated the Constitutional rights of individuals in the custody of the Lake County Adult Detention Facility, including Randy Wiertella, to prompt and adequate medical care to treat serious medical needs. Defendant Lake County also failed to properly train

1

its employees, refused to discipline them for their illegal conduct, and/or ratified such conduct, all of which led to the serious injuries and death of Mr. Wiertella. Mr. Wiertella was survived by his children, his parents, and other next of kin. This is a civil-rights and wrongful death action seeking monetary damages and injunctive relief on behalf of the Estate of Randy Wiertella.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a), as certain claims asserted herein arise under 42 U.S.C. §1983 and the Constitution of the United States.

3. The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367.

4. Venue in this judicial district is proper under 28 U.S.C. §1391(b). The events giving rise to Plaintiff's claims occurred in this judicial district, and on information and belief, the Defendants reside, or at the time the events took place, resided in this judicial district.

## PARTIES

5. Plaintiff Dennis Wiertella, a resident of Michigan, is the Administrator of the Estate of Randy Wiertella, deceased. Dennis Wiertella is the father of Randy Wiertella.

6. Defendant Lake County ("the County") was and is a political subdivision in the state of Ohio, acting under color of state law. The County is a "person" under 42 U.S.C. §1983 and is responsible for the policies, practices, and customs of the Lake County Adult Detention Facility ("the jail").

7. Defendant Dan Dunlap ("Dunlap") was, at all relevant times, the Lake County Sheriff, exercising supervisory and policy-making authority for the County, and acting under color of state law. He is a "person" under 42 U.S.C. §1983.

8. Defendant Cynthia Brooks ("Brooks") was, at all relevant times, the Jail Administrator of the Lake County Adult Detention Facility, exercising supervisory and policy-making authority for the County, and acting under color of state law. She is a "person" under 42 U.S.C. §1983.

9. On information and belief, Defendants Michelle Prather ("Prather"), Benjamin Longbons ("Longbons"), Scott Simpson ("Simpson"), Mark Soeder ("Soeder"), Eric Vanjo ("Vanjo"), Martin Bontrager ("Bontrager"), Matthew Darone ("Darone"), Diana Marino ("Marino"), Michael Nahorniak ("Nahorniak"), Matthew Paul ("Paul"), Terry Tarone ("Tarone"), and Unknown Correctional Officers 1-15, collectively "Corrections Defendants," were, at all relevant times, duly appointed Corrections Lieutenants, Sergeants, and Officers of the Lake County Adult Detention Facility, acting within the scope of their employment and under the color of state law. On information and belief, each Corrections Defendant included herein interacted with or had responsibilities towards or took acts or failed to act or intervene regarding or related to Randy Wiertella and each is a "person" under 42 U.S.C. §1983.

10. Defendants Dr. Karim Razmjouei ("Razmjouei"), Diana Snow ("Snow"), Erin Boyle ("Boyle"), Patty Hammers ("Hammers"), Sabrina Watson ("S. Watson"), Christina Watson ("C. Watson"), and Unknown Medical and Nursing Personnel 1-6, collectively, "Medical and Nursing Defendants," at all relevant times, were medical or mental health personnel who were directly responsible for Randy Wiertella's medical and/or mental health care while he was in the

3

custody of the jail. They were at all relevant times acting under the color of state law and each is a "person" under 42 U.S.C. §1983.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

12. Randy Wiertella was in the custody of the Lake County Adult Detention Facility from on or about December 2, 2018, until on or about December 10, 2018, the date of his death. On information and belief, at all times relevant hereto, Mr. Wiertella was within the continuous exclusive custody, supervision, care, and control of Defendants.

13. At all times relevant hereto, Mr. Wiertella suffered from multiple physical and mental health conditions, including but not limited to hypertension, sleep apnea, diabetes, post-traumatic stress syndrome (PTSD), anxiety, depression, and pain related to musculoskeletal injuries and conditions. Before entering the jail, Mr. Wiertella was prescribed and relied upon daily prescription medications and used a continuous positive air pressure ("CPAP") machine.

14. On information and belief, upon entry to the jail, Mr. Wiertella informed staff of his conditions and his need to continue his therapies, prescription medications and CPAP treatments.

15. At all times relevant hereto, Defendants were aware and on notice, or should have been aware, of Mr. Wiertella's history of significant physical and mental health conditions, and his need for medication, treatment, and therapies to ensure his safety while in custody.

16. On information and belief, Defendants failed to perform proper screening, evaluation, assessment, and medical intake of Mr. Wiertella or, in the alternative, disregarded and/or ignored that screening, evaluation, assessment and medical intake of Mr. Wiertella.

17. On information and belief, Defendants refused to order, accept delivery of, or otherwise continue Mr. Wiertella's necessary medications and refused to order, accept delivery of, or otherwise provide a CPAP machine for Mr. Wiertella's necessary treatments.

18. On information and belief, all Defendants knew or should have known that Mr. Wiertella's health conditions placed him at high risk of serious injury or death if not treated properly.

19. On information and belief, the jail administration failed or refused to put in place policies that would ensure the individuals in the custody of the jail timely received necessary health care, including their prescription medications and medical and therapeutic devices.

20. On information and belief, the jail administrators failed or refused to adequately train jail employees on ensuring the individuals in their custody timely received necessary health care, including their prescription medications and medical and therapeutic devices.

21. On information and belief, the Corrections Defendants came into contact with Randy Wiertella during his time in custody at the jail and failed or refused take steps to keep him safe and to allow him access to necessary health care – including but not limited to his prescription medications and a CPAP machine.

22. On information and belief, the Medical and Nursing Defendants had access to, were aware and/or should have been aware of Mr. Wiertella's health history that required prescription medication(s) and the use of a CPAP machine, but refused to order, accept delivery of, or otherwise provide Mr. Wiertella with necessary medications and a CPAP machine.

23. On information and belief, during his time in custody, Mr. Wiertella repeatedly asked Defendants for health care, including necessary medication and his CPAP machine.

24. On information and belief, Defendants denied Mr. Wiertella's requests.

25. On or around December 10, 2018, Randy Wiertella died.

26. On information and belief, despite Defendants' knowledge of Mr. Wiertella's health conditions and need for prescription medication(s) and treatment with a CPAP machine, they were deliberately indifferent to his risk of serious injury or death.

27. On information and belief, Defendants failed or refused to offer or procure appropriate intervention, treatment, and precautions for Randy's serious, immediate, and life-threatening conditions.

28. On information and belief, Defendants jointly agreed and/or conspired with one another, and others, to complete false, misleading, and incomplete official reports and to give a false, misleading, and incomplete version of the events in order to cover up their own misconduct.

29. Defendants had a duty to care for and protect Mr. Wiertella when he was in their custody, and they willfully failed to do so.

30. On information and belief, Defendants were deliberately indifferent to protecting Mr. Wiertella from harm and failed to prevent said harm, and further failed to provide urgently needed medical care. Their conduct was unreasonable in failing to protect Mr. Wiertella from harm.

31. On information and belief, no correctional officer has been disciplined in any way as a result of the conduct, acts, or omissions described in this Complaint.

32. On information and belief, the injuries and death of Mr. Wiertella were preventable had Defendants not engaged in illegal conduct in violation of Mr. Wiertella's constitutional, statutory, and other legal rights.

33. Randy Wiertella died at age 44. He is survived by his children, his parents, and other next of kin.

## **FIRST CLAIM FOR RELIEF**
(Deliberate Indifference to Serious Medical Needs in Violation of 42 U.S.C. §1983 and the Fourteenth and Eighth Amendments)
(Against All Defendants)

34. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

35. This First Claim for Relief is brought pursuant to 42 U.S.C. §1983 for deliberate indifference to and callous disregard for the serious medical, mental health, and safety needs of Randy Wiertella, an individual who suffered from obvious and known health conditions that required appropriate care, treatment, assessment, evaluation intervention, referral, medication, therapies, and attention to prevent substantial deterioration and death.

36. At all times relevant hereto, Defendants refused to order and/or continue Randy Wiertella's known and necessary prescription medication(s), treatments, and therapies.

37. Defendants were on notice of and/or should have known of Randy Wiertella's preexisting diagnosed conditions.

38. Despite knowledge of Randy Wiertella's serious medical and mental health condition(s) and needs, Defendants were deliberately indifferent to and/or acted with callous/reckless disregard for those serious medical and mental health needs in failing or refusing to provide the necessary medical care, treatment, assessment, evaluation intervention, referral, medication, therapies, and attention.

39. Defendants knew, were on notice of, and/or should have known that failing or refusing to provide Randy Wiertella with his medications, treatments, and therapies posed a high risk of and did cause serious injury and death.

40. At all times relevant hereto, Randy Wiertella was suffering from objectively serious medical and mental health conditions for which he required immediate care, treatment, assessment,

7

evaluation intervention, referral, medication, therapies, and attention, the refusal of which posed a high risk of and did cause serious injury and death.

41. On information and belief, at all times relevant hereto, Defendants were subjectively aware of the seriousness of Randy Wiertella's medical and mental health conditions and the risk of death or serious injury if said conditions were not immediately addressed with appropriate care.

42. On information and belief, despite Defendants' awareness or knowledge of Randy Wiertella's condition(s) and the known risk of death or serious injury absent immediate appropriate care, Defendants did not secure the necessary medical care and were deliberately indifferent to Randy Wiertella's condition and the risks posed to withholding appropriate care.

43. As a direct and proximate result of Defendants' conduct in denying Randy Wiertella necessary care, treatment, assessment, evaluation intervention, referral, medication, therapies, and attention, Randy Wiertella's constitutional rights were violated and he was forced to endure and suffered extreme physical, mental, and emotional pain and suffering, death and pecuniary loss, including medical expenses.

44. Plaintiff Estate of Randy Wiertella has ongoing and continuous permanent damages and injuries, including death, and as such is entitled to recovery, including but not limited to compensatory damages, damages for severe bodily injury, death, loss of earnings and other income, medical bills and expenses, funeral expenses, conscious pain and suffering, punitive damages, costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988, and all other legal or equitable relief this Court deems appropriate.

**SECOND CLAIM FOR RELIEF**
(42 U.S.C. §1983 *Monell* Claim)
(Against the County)

45. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

46. On information and belief, the actions of the individual defendants were taken pursuant to one or more interrelated de facto as well as explicit policies, practices and/or customs of Defendant Lake County.

47. On information and belief, Defendant Lake County permits, tolerates, ratifies, and is deliberately indifferent to the pattern and practice of deliberate indifference and reckless and callous disregard of its corrections officers and medical and nursing personnel to the medical needs of the individuals detained or in custody at the jail. This widespread tolerance constitutes a county policy, practice, or custom, and led to Plaintiff's death on or around December 10, 2018.

48. On information and belief, Defendant Lake County was on notice of or should have known, of a history, propensity, and pattern of corrections officers and jail medical and nursing personnel acting with deliberate indifference to the serious medical needs of individuals in custody at the jail by refusing to provide prompt and competent access to and delivery of medical care, including but not limited to the provision of prescription medication, treatments, and therapies.

49. On information and belief, Defendant Lake County, acting at the levels of official policy, practice, and custom, authorized, tolerated, and institutionalized the illegal practices and ratified the illegal conduct herein detailed.

50. On information and belief, Defendant Lake County implemented or promulgated customs, policies, or practices for the training and supervision of their employees and the jail corrections and medical and nursing personnel on proper medical care that on their face violate the Constitution. Alternatively, on information and belief, Defendant Lake County implemented otherwise facially valid customs, policies, or practices in a manner such that constitutional

violations were likely to be and were visited upon individuals in custody at the jail, including Randy Wiertella.

51. On information and belief, Defendant Lake County knew, was on notice of and/or should have known, of this custom, pattern, or practice of unconstitutional violations, or the existence of facts, practices, customs and/or habits that create the strong potential for unconstitutional acts; Defendant Lake County had a duty to supervise, train and instruct its employees to prevent similar acts to other individuals in the custody of the jail, including Randy Wiertella, but failed and/or refused to take reasonable and necessary steps to properly supervise, train, instruct, or investigate corrections personnel, physicians, nurses, medical personnel, and/or agents or employees. As a direct and proximate result, Randy Wiertella was harmed and suffered death in the manner threatened by the pattern(s) or practice(s).

52. On information and belief, at all times relevant hereto, Defendant Lake County:

a. Failed or refused to properly train, supervise, instruct, monitor, counsel and otherwise control police officers, corrections officers, supervisors, and officials, health care providers, and other agents, contractors, and employees to ensure they respected and did not violate the federal constitutional and statutory rights of Randy Wiertella and other individuals in custody at the jail with respect to the provision of medical care;

b. Failed or refused to develop, properly train on, and/or enforce policies and procedures to appropriately and timely identify serious medical issues and needs of individuals within the custody of the jail, such as Randy Wiertella;

c. Failed or refused to develop, properly train on, and/or enforce policies and procedures to adequately and timely communicate critical information regarding

10

the health and health needs of individuals within the custody of the jail, such as Randy Wiertella;

d. Failed or refused to objectively investigate incidents of in-custody injury, deaths, denials of prescription medications, denials of medical treatments or therapies, and to take necessary remedial action;

e. Failed or refused to provide access to and delivery of timely competent medical and mental health assessment, evaluation, intervention, referral, care, treatment, prescriptions, therapies, follow-up, and attention to individuals in custody at the jail, which resulted in serious injury or death;

f. Failed or refused to monitor the medical and mental health care and treatment provided to individuals at the jail with serious medical or mental health conditions, which resulted in serious injury or death;

g. Failed or refused to monitor and periodically review the adequacy of medical and custodial staffing to ensure appropriate medical and mental health care, treatment, intervention, referral, prescriptions, therapies, and attention rendered to ill individuals within the custody of the jail;

h. Failed or refused to comply with the statutory guidelines and the standard(s) of care protecting individuals in the custody of the jail;

i. Failed or refused to adequately discipline and establish reasonable procedures to document and correct past violations, and to prevent future violations of constitutional rights of individuals in the custody of the jail, by not condoning, ratifying, and/or encouraging the violation of the rights of Randy Wiertella and other individuals in the custody of the jail;

11

j.  Failed or refused to adequately and periodically train custodial and medical and mental health staff on understanding, recognizing, reporting and responding to issues of health and symptoms of individuals in the custody of the jail;

k.  Oversaw, supervised, authorized, approved of and/or ratified the medical care and access thereto provided and not provided to Randy Wiertella, including the withholding of necessary medications, treatments, and therapies;

l.  Possessed knowledge of deficiencies in its policies, practices, customs, and procedures regarding the provision of medical care to individuals in the custody of the jail, but deliberately turned a blind eye to these deficiencies.

53. The constitutional violations and damages to Randy Wiertella that occurred as described herein were directly and proximately caused by the official and/or unofficial, tacit and/or expressed policies, customs and practices, and otherwise unconstitutional policies of authorized policy makers of Defendant Lake County, who deliberately ignored subjecting individuals within the custody of the jail to unreasonable risk of harm, deliberately ignored violations of appropriate intake and screening procedures, deliberately failed to ensure that individuals in the custody of the jail had access to appropriate medical care, including but not limited to the provision of prescription medications, treatments, and therapies, and deliberately failed to supervise and control police officers, correctional officers, supervisors, and officials, and health providers so as to prevent violations of detainees' rights.

54. As a direct and proximate result of the customs, policies, and/or practices of Defendant Lake County and of its failure to adequately train or supervise its employees, agents, officials, and contractors. Randy Wiertella was forced to endure and suffer extreme physical, mental, and emotional pain and suffering, death and pecuniary loss, including medical expenses.

55. Plaintiff Estate of Randy Wiertella has ongoing and continuous permanent damages and injuries, including death, and as such is entitled to recovery, including but not limited to compensatory damages, damages for severe bodily injury, death, loss of earnings and other income, medical bills and expenses, funeral expenses, conscious pain and suffering, punitive damages, costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988, and all other legal or equitable relief this Court deems appropriate.

**THIRD CLAIM FOR RELIEF**
(Negligence – Willful, Wanton, Malicious and/or Reckless Conduct)
(Against the County, Defendant Dunlap, Defendant Brooks, and the Corrections Defendants)

56. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

57. Defendants had a duty to care for and protect Randy Wiertella while he was in their custody.

58. Defendants acted negligently when they breached their duty to exercise due care for the health and safety of Randy Wiertella and when they failed to adequately train Lake County employees and contractors on caring for and protecting individuals in the custody of the jail, including Randy Wiertella.

59. Defendants knew or should have known of the dangers posed by their unreasonable actions and inactions.

60. At all times relevant hereto, Defendants acted willfully, wantonly, maliciously, and/or with a conscious and reckless disregard for the health and safety of Randy Wiertella.

61. Randy Wiertella's death and the damages suffered by Plaintiff Estate of Randy Wiertella were a direct and proximate result of Defendants' negligence and willful, wanton, malicious and/or reckless conduct.

62. Defendants are jointly and severally liable for this conduct.

63. Plaintiff estate of Randy Wiertella has ongoing and continuous permanent damages, including death, as a result of Defendants' unlawful conduct and as such is entitled to recovery, including but not limited to economic and non-economic compensatory damages, punitive damages, past medical bills and expenses, funeral expenses, attorneys' fees, costs, and all other legal or equitable relief this Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
**(**Wrongful Death)
(Against the County, Defendant Dunlap, Defendant Brooks, and the Corrections Defendants)

64. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if full re-alleged herein.

65. Randy Wiertella is survived by his heirs who have suffered and will continue to suffer injuries as a direct and proximate result of his wrongful death.

66. At all times relevant hereto, Defendants acted willfully, wantonly, maliciously, and/or with a conscious and reckless disregard for the health and safety of Randy Wiertella.

67. As a direct and proximate result of Defendants' conduct described herein, Randy Wiertella died on or around December 10, 2018, subjecting Defendants to liability pursuant to R.C. 2125.02 for all damages afforded by that Section and those otherwise available under Ohio law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered in his favor on all counts and prays the Court award the following relief:

A. Compensatory damages in an amount exceeding the jurisdictional amount in controversy requirement, to be determined at trial for the violation of Plaintiff's rights and his wrongful death;

B. Punitive damages in an amount to be determined at trial for the Defendants' willful, wanton, malicious, and reckless conduct;

C. Declaratory and injunctive relief against Lake County enjoining unlawful policies, practices, customs and ordering the institution of policies, procedures, and training for the Lake County Jail and its employees and contractors to bring them into compliance with constitutional standards;

D. Attorneys' fees and the costs of this action pursuant to law;

E. All other legal or equitable relief the Court deems appropriate.

**TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED**

Respectfully submitted,
/s/  *Jennifer F. Cohen*
DANIEL P. PETROV (0074151)
JENNIFER F. COHEN (Illinois 6299314; Ohio 0099519)
THORMAN PETROV GROUP CO., LPA
50 E. Washington Street
Cleveland, Ohio 44022
P: 216-621-3500
F: 216-621-3422
dpetrov@tpgfirm.com
jcohen@tpgfirm.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2021, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system. A copy of this filing was also mailed to:

Karim Razmjouei, MD
c/o Lake County Sheriff's Office
104 East Erie Street
Painesville, OH 44077

Karim Razmjouei, MD
11905 Epping Trail
Chardon, OH 44024-8849

                                               */s/ Jennifer F. Cohen*
                                               *Attorney for Plaintiff*