**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DENNIS WIERTELLA AS ADMINISTRATOR OF THE ESTATE OF RANDY WIERTELLA, DECEASED, AND FATHER OF RANDY WIERTELLA, | CASE NO. CV-1:20-cv-02739-BMB |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE A CONSOLIDATED BRIEF** |
| LAKE COUNTY, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff's "motion to consolidate" is in reality a request for Plaintiff to have a **fifty day** extension to draft an opposition to Defendant Dr. Razmjouei's motion for summary judgment, and to consolidate that opposition brief with their possible opposition to other motions not even yet filed. As the Supreme Court has noted: "we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646, 107 S. Ct. 3034, 3042, 97 L. Ed. 2d 523 (1987). And this is because, as the Court noted, government officials should not be overburdened with additional litigation activity once the issues surrounding questions of qualified immunity have been clarified. *Id*.

In this matter, there are no remaining genuine questions of material facts surrounding Dr. Razmjouei's low level of involvement with the medical care and treatment Randy Wiertella received at the Lake County Adult Detention Center. Moreover, such issues have been thoroughly

examined by all parties through completed discovery, as indicated in Defendant Dr. Razmjouei's Motion for Summary Judgment. *See* ECF No. 48.

What Plaintiff is attempting to do is prejudicially delay Dr. Razmjouei's possible dismissal by an additional fifty days. And Plaintiff likely hopes to simply lump him in with all defendants in this case in an attempt to create an issue of fact where none truly exists.

## II. THERE ARE INSUFFICIENT COMMON ISSUES OF LAW OR FACT AMONGST ALL DEFENDANTS, AS PLAINTIFF ALLEGES, THAT WOULD JUSTIFY A FIFTY DAY EXTENSION IN RESPONDING TO DR. RAZMJOUEI'S MOTION FOR SUMMARY JUDGMENT.

Plaintiff alleges in his motion that Plaintiff's claims against all defendants are "intertwined" and resolving them separately would waste judicial resources. As argued in Defendant's Motion for Summary Judgment, ***there is no evidence that Dr. Razmjouei evidenced any acts of deliberate indifference towards a patient he never met or was asked to meet***. *See* ECF 48, at pp. 11-13. In fact, Dr. Razmjouei is only named as a Defendant in **one of three** Causes of Action in Plaintiff's Complaint. *See* ECF 1. The other Defendants are named in other constitutional claims and state law based wrongful death claims. *Id*. Thus, even Plaintiff's tacitly acknowledge that their legal claims against Dr. Razmjouei are considerably more limited than their claims against the remaining Defendants.

Further, as the Sixth Circuit has stated, "the question of whether an official possessed the requisite knowledge and culpable mental state to sustain a deliberate indifference claim 'must be addressed for each [official] individually.'" *Stoudemire v. Michigan Dep't of Corr.*, 705 F.3d 560, 570 (6th Cir. 2013). Thus, regardless of the manner in which Plaintiff opposes each defendant's motion for summary judgment, they must address each defendant's § 1983 deliberate indifference liability individually and separately. So to permit Plaintiff's requested **fifty day extension** to file

2

a single response to Dr. Razmjouei's motion for summary judgment, as well as any other Defendants' motions that may or may not filed in the future, would prejudice Dr. Razmjouei's legal right to have his claim for qualified immunity be evaluated at the earliest possible point in the litigation it can feasibly be considered. And such an extension would hardly serve judicial economy, or preserve either the Court's or the parties' resources, as the questions of law posed by Dr. Razmjouei's assertion of qualified immunity and the sufficiency of Plaintiff's claim of deliberate indifference much be assessed as to each individual defendant regardless of the manner in which Plaintiff seeks to oppose.

### III. DR. RAZMJOUEI HAS NO INVOLVEMENT WITH ANY DISCOVERY PRODUCED BY OTHER DEFENDANTS AFTER HIS MOTION FOR SUMMARY JUDGMENT WAS FILED.

The document produced by Lake County Defendants on April 5, 2022 has nothing to do with Dr. Razmjouei's involvement in this matter. The document produced, a sick call list for December 10, 2018 (the day following Mr. Wiertella's passing), was not something that Dr. Razmjouei was involved in creating or maintaining. And this is an issue that was confirmed at Dr. Razmjouei's deposition. (*See* Dr. Razmjouei Dep. Tr. Excerpt at 164:1-11, attached as Ex. A) (confirming he never saw Randy Wiertella on any sick call lists that were handed to him by his nursing staff). The Lake County jail's "Medical Coordinator" in 2018, RN Diane Snow, has further confirmed both in her deposition and in a subsequent affidavit that the document that was produced by Lake County on April 5, 2022 was of a type created and maintained exclusively by the jail's nursing staff, and not within the job duties of Dr. Razmjouei within the Lake County jail. (*See* April 6, 2022 Affidavit of Diane Snow, RN, attached as Exhibit B; *see also* Diane Snow Dep. Tr.

3

Excerpts at 13:10-20 and 19:16-20:8, attached as Exhibit C) (explaining it was the nursing staffs' duty to determine who was placed on the sick call list).

Regardless, Plaintiff is deposing Ms. Snow on April 26, 2022 about the document produced on April 5, 2022. And though it does not involve Dr. Razmjouei, it can hardly be said to explain or justify a 50-day extension to oppose Dr. Razmjouei's motion for summary judgment. As Plaintiff's current response date is on May 5th, they will have ample time to consider whether any information discovered would need to be included in opposing Dr. Razmjouei's motion for summary judgment.

### IV.  CONCLUSION

"The decision to deny an extension of time to respond to a motion for summary judgment is within the district court's discretion." *Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (6th Cir. 1998). Plaintiff presents no other reasons besides mere pretext for delaying resolution of Dr. Razmjouei's assertion of qualified immunity. The discovery produced ***by other Defendants*** following his deposition was unrelated to any of his actions in this case, and his role is highly differentiated from that of the other Defendants (as discussed in depth in Dr. Razmjouei's Brief in Support for his Motion for Summary Judgment). Accordingly, Plaintiff's requested extension ***does*** prejudice Dr. Razmjouei and only seeks delay for their own benefit. Moreover, Plaintiff is seeking a remedy for a problem that does not yet exist; no other defendants have yet moved for summary judgment. Should Plaintiff only need an additional week or two to draft their opposition, Defendant would not oppose. But a **fifty day** delay significantly prejudices Dr. Razmjouei, who should be found to be immune from this litigation under the doctrine of qualified immunity and through Plaintiff's lack of evidence of deliberate indifference.

4

Respectfully submitted,

*/s/ David A. Bernstein*
Edward E. Taber (0066707)
David A. Bernstein (0093955)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Tel: 216.592.5000
Fax: 216.592.5009
E-mail: edward.taber@tuckerellis.com
mailto:david.bernstein@tuckerellis.com

*Counsel for Defendant Karim Razmjouei, M.D*

5

## PROOF OF SERVICE

I hereby certify that on April 21, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *David A. Bernstein*

*Attorney for Defendants*

048273\000364\5509627.1